WRIGHT, J.,
delivered the opinion of the Court.
There is no error in this judgment.
It is an attempt, on the part of Wells, to attack, collaterally, an execution issued against him from the Common Lav Court of Memphis. This cannot be done for mere errors, if they exist, in the judgment and proceedings of that Court. It can only he done by showing a total want of jurisdiction, to render the judgment upon which the execution issued, "so as to make it void. No such thing can be shown here.
W. L. Griffin & Co., caused the property of one Horsely, their debtor, to be attached, by proceedings, returnable to the Common Law Court of Memphis, and Wells became his surety in a replevin bond, taken by the sheriff and filed in the cause. Horsely, afterwards, died, and the suit was revived against Bettis, his administrator.
At the November Term; 1857, of said Court, the plaintiffs recovered judgment in said cause against Bettis, the administrator of Horsely, and Wells, the surety in the replevin bond. He does not appeal, or in any way complain of the judgment,- though, we apprehend, he had a perfect right to do so, if he had deemed it assailable, but lies by until June, 1858, when his property is levied on, and he executes a delivery bond, and, at the July Term of the Court, in 1858, moves to quash *570 the execution, upon the ground that the judgment, as to him, was void; and, also, upon the ground that the form of the entry of the judgment upon the records of the Court, did not warrant any execution against him. This motion was overruled, and he has appealed to this Court.
A reversal is asked here upon two grounds:
I. The record shows that the writ of attachment, affidavit, attachment bond, and the replevy bond, with the sheriff’s levy, were lost or mislaid during the pen-dency of the suit, and copies were supplied, and substituted, by order of the Court, upon the affidavit of one of the plaintiffs, of their attorney, of Horne, the justice who issued the attachment, and of Gilmore, the sheriff. This affidavit seems to he regular, save that it is not authenticated by the clerk , before whom it was made. But the parties, by their counsel, in a writing signed and filed in the cause, agree that an order of Court may be made in the suit, supplying the lost papers, and that the affidavit be taken as sufficient to authorize said order, without more.
Upon this the order was made; and it is now said that this agreement being between the plaintiffs and ITorsely, and not with Wells, his surety, he is not bound by it, and that it renders all subsequent proceedings void, as to him.
This position cannot be maintained. He, as surety, must he held bound by the result of the litigation with his principal. The Court had jurisdiction of the subject matter and the parties; and an order supplying lost papers upon insufficient or improper evidence, could not displace that jurisdiction. It could, at most, only be *571 error. But in this ease we are satisfied that it was not even error. So far from exception being taken to it, it was agreed to.
The next objection is to the form of the judgment. It reads “ that the plaintiffs' recover of the defendant, and of William S. Wells, -the surety on the replevin bond, the said sum of $1427.28, the damages so by the jury aforesaid assessed, and the costs of the suit, and that execution issue, to be levied of the proper goods and chattels, rights and credits of the said intestate, in the hands of the said admistrator to be administered.”
This is, in legal effect, a judgment against Wells in his own right, and against Bettis in his representative character. It may not he after the most approved precedents, and scarcely any entries of judgments now' are. But we cannot, even if the parties had appealed, notice such an objection; and surely Wells cannot, collaterally, do so. 5 Hum., 818, 315, 319.
Judgment affirmed.